FRANCIS SICO *vs.* CONSTANCE SICO. March 28, 1980. The husband brought this complaint for modification of his obligations under a 1973 divorce decree to pay seventy dollars a week as alimony and child support and to pay certain insurance and medical and dental bills. The husband appeals from a judgment which modified the weekly obligation to forty dollars a week plus coverage of medical bills. The appeal is based on a contention that the modified obligation is in excess of the husband's ability to pay. The husband's testimony was to the effect that his sole source of income is one hundred seventy-five dollars a month which he receives from the Department of Public Welfare and that he is in debt to his father and brother-in-law to the extent of roughly $6,000. The judge's disbelief that the husband's financial situation is accurately represented by that testimony is apparent both from his remarks during the trial and his findings. Those findings are not to be disregarded merely because they were adopted verbatim from those prepared by the wife's counsel. *Markell* v. *Sidney B. Pfeifer Foundation, Inc., ante* 412, 414-420 (1980). That practice is not encouraged; but, as in the *Markell* case, the judge's decision turned on a clear-cut issue of credibility: namely, whether the husband's denial that he was gainfully employed was to be believed or whether instead the judge could draw the contrary inference from the evidence as to his manner of living and from the portions of his wife's and daughter's testimony suggesting that he in fact worked for his father's business and was not, as he maintained, totally disabled. In this situation the judge's adoption of the findings prepared by the wife's counsel carried no implication that he had abandoned his fact-finding function to a party; and the few discrepancies between certain of those findings and the supporting evidence are so minor in relation to all the evidence as to be harmless. It is also significant that counsel for both parties were asked to submit findings for the judge's consideration. See *Cormier* v. *Carty,* 8 Mass. App. Ct. 401, 401 n.1 (1979).

*Judgment affirmed.*

The case was submitted on briefs.
*David Goldman* for the plaintiff.
*Bernard R. Silva, Jr., & Howard J. Alperin* for the defendant.